OFFICE OF THE GENERAL COUNSEL



March 20, 2013

Mark J. Langer, Esq., Clerk of the Court
United States Court of Appeals for the District of Columbia Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Ave., N.W.
Washington, DC 20001

      Re:    *United States Postal Service v. Postal Regulatory Commission*,
              No. 12-1221

Dear Mr. Langer,

Pursuant to Rule 28(j) and Circuit Rule 28(h), the United States Postal Service submits this letter to the Court to address a question Judge Griffith asked undersigned counsel during oral argument.

To put the question in context, the PRC has concluded, pursuant to its statutory authority and implementing regulations, *see* 39 C.F.R. §§ 3020.01-3020.14, that Single-Piece First Class Mail and Bulk ("Presort") First-Class Mail are separate "products." The issue is whether Congress intended the "workshare discount" provision of 39 U.S.C. § 3622(e) to restrict the relative rates of those two (or any two) products or merely to restrict discounts from the rate of a given product. Undersigned counsel conceded at argument that, reading Section 3622(e) in isolation, Congress's intent is perhaps "mostly clear" but it becomes clear when the provision is read in light of: (1) other simultaneously enacted provisions, including §§ 102(6) and 3652(b); (2) the statute's structure – specifically, that Subchapter 1 of Chapter 36 is entirely about rates for "market-dominant products"; and (3) the statute's purpose – to provide the Postal Service with flexibility to price its products to the marketplace, *see* USPS Br. at 14. In context, counsel argued, the absence of the term "product" in § 3622(e) is not surprising – the whole subsection is about products – and Congress unambiguously intended to distinguish a "rate" (which applies to a product) from a "rate discount" (which is a reduction from a rate, not the difference between two products' respective rates).

Judge Griffith asked whether undersigned counsel could cite any cases in which this Court determined, under step one of *Chevron*, that Congress's intent was unambiguous even where the plain language of the challenged provision, read in

475 L'ENFANT PLAZA SW
WASHINGTON DC 20260
(202) 268-2945
david.c.belt@usps.gov

- 2 -

isolation, may not be. Counsel could not identify such a case then, but has since found several such cases: *Hearth, Patio & Barbeque Ass'n v. U.S. Dep't of Energy*, 706 F.3d 499, 503-09 (D.C. Cir. 2013); *New York v. EPA*, 443 F.3d 880, 884-90 (D.C. Cir. 2006); *Shays v. Federal Election Com'n*, 414 F.3d 76, 105-07 (D.C. Cir. 2005); *Martini v. Fed. Nat'l Mortgage Ass'n*, 178 F.3d 1336, 1340-48 (D.C. Cir. 1999).

Respectfully submitted,

*/s/ David C. Belt*

David C. Belt
Attorney, U.S. Postal Service

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2013, the foregoing letter was electronically filed with the U.S. Court of Appeals for the District of Columbia Circuit by using the CM/ECF system. I further certify that counsel for the respondent and intervenors are registered as ECF filers and that they will be served by the CM/ECF system.

      /s/ David C. Belt
DAVID C. BELT
Office of the General Counsel
United States Postal Service
475 L'Enfant Plaza, SW
Washington, DC 20260
(202) 268-2945
david.c.belt@usps.gov