OFFICE OF THE GENERAL COUNSEL


UNITED STATES
POSTAL SERVICE

March 29, 2013


Mark J. Langer, Esq., Clerk of the Court
United States Court of Appeals for the District of Columbia Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Ave., N.W.
Washington, DC 20001

> Re:   *United States Postal Service v. Postal Regulatory Commission,*
> No. 12-1221

Dear Mr. Langer,

Pursuant to Rule 28(j) and Circuit Rule 28(h), the United States Postal Service submits this letter to the Court to identify new information bearing on the questions pending on appeal.

Yesterday, the PRC issued its Annual Compliance Determination (ACD) for Fiscal Year 2012, available at http://www.prc.gov/Docs/86/86729/ 2012_PRC_ACD.pdf. The ACD again confirmed, pursuant to the PRC's statutory and regulatory authority to define the Postal Service's products, *see* 39 U.S.C. §§ 102(6), 102(8), 3621, 3642; 39 C.F.R. pt. 3020 subpt. A, that Single-Piece First Class Mail and Bulk ("Presort") First Class Mail are separate products. ACD at 80. The ACD further:

1. Considered and rejected arguments that the rate charged for "Mixed AADC" mail, *i.e.*, the "base" price of the Bulk ("Presort") product, is unreasonably high under 39 U.S.C. §3622(b)(8) relative to the rate charged for the Single-Piece product, noting that the Postal Service has "pricing flexibility" and can "apply non-uniform price adjustments" to products within a class of mail, ACD at 81-82, and

2. Found that the rate charged for the base Presort product is too low relative to the Single-Piece Product under 39 U.S.C. § 3622(e) because the difference in the products' rates is 4.6 cents and the largest permissible "discount" from the Single-Piece rate is 4.5 cents, ACD at 83-84.

The second finding fatally undermines the PRC's sole argument that the Postal Service lacks standing to pursue the instant appeal. *See* PRC Br. at 17-18.

475 L'ENFANT PLAZA SW
WASHINGTON DC 20260
(202) 268-2945
david.c.belt@usps.gov

- 2 -

More important, the two findings are incompatible, and demonstrate the arbitrariness of the PRC's position on appeal. The first finding is premised on the fact that Presort and Single-Piece are separate products and thus the Postal Service has the flexibility to set their respective rates according to the factors and objectives set forth in 39 U.S.C. § 3622(b) and (c). The second finding is premised on the erroneous view that Presort is *not* a product but rather is merely a discount from the rate charged for the Single-Piece product, and thus is governed by § 3622(e). These two findings cannot coexist under the statute.

Respectfully submitted,

*/s/ David C. Belt*

David C. Belt
Attorney, U.S. Postal Service

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2013, the foregoing letter was electronically filed with the U.S. Court of Appeals for the District of Columbia Circuit by using the CM/ECF system. I further certify that counsel for the respondent and intervenors are registered as ECF filers and that they will be served by the CM/ECF system.

/s/ David C. Belt
DAVID C. BELT
Office of the General Counsel
United States Postal Service
475 L'Enfant Plaza, SW
Washington, DC 20260
(202) 268-2945
david.c.belt@usps.gov